### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FOSTER P. BREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO:    05-0093** |
| **UNITED STATES SECRETARY OF** | **SECTION: "N" (4)** |
| **HEALTH AND HUMAN SERVICES** | |

### REPORT AND RECOMMENDATION

**I.      Introduction**

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to **Title 42 U.S.C. § 405(g)**.  The Commissioner denied Foster P. Breaux's claim for Supplemental Security Income Benefits under Title XVI of the Social Security Act, **Title 42 U.S.C. § 1382c**.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**II.     Factual Summary**

The claimant, Foster P. Breaux ("Breaux"), is a thirty-year-old man with a high school education and past work history as a security guard, rigger, deck hand, road construction laborer, automotive technician, delivery person, and light duty equipment operator in road construction. (Tr.

55).  He contends that he is entitled to Supplemental Security Income Benefits, because he has been disabled since January 20, 2002, as a result of rheumatoid arthritis, circulation problems in the ankles with pain, and muscle spasms in the neck.  (Tr. 48).

On December 6, 2002, Breaux filed an application for Supplemental Security Income Benefits which was denied by the state agency on January 27, 2003.  (*See* Tr. 42).  On March 16, 2003, he requested a hearing before an Administrative Law Judge.  (*See* Tr. 47).  The matter was allotted to Administrative Law Judge William G. Mccollom.  (Tr. 14).  During the hearing,  Breaux represented himself after being advised by the ALJ of his right to have someone represent him in the proceedings.  (Tr. 23).

On June 21, 2004, the ALJ issued a written decision, concluding that Breaux was not disabled under the applicable regulations.  (Tr. 10-14).  The ALJ found that Breaux did not meet the impairment listing set forth in Appendix 1 Subpart P, 20 CFR Part 404.  (Tr. 14).  The ALJ further found that while Breaux's arthritis was severe, his allegations regarding the degree of his limitations were not totally credible.  (Tr.14).  He also found that Breaux had the residual functional capacity to perform sedentary level work because he could lift and carry ten pounds, stand and walk for two hours, and sit for six hours out of an eight hour day.  (Tr. 14).

The ALJ further found that Breaux was not precluded from performing his past relevant work as a security guard and therefore he wa not under a disability as defined in the Social Security Act.  (Tr. 14)

### III.    Issues

The issues presented for review on appeal are:

1.    Whether the Court should remand so the ALJ can review three medical reports which were not a part of the record upon administrative review.

2

2.      Whether the ALJ should have supplemented the hypothetical presented to the Vocational Expert to include Breaux's testimony that he periodically has falling episodes and has difficulty with reading and spelling.

## IV.   Standard of Review

The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.  *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).  The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the Secretary.  *See id.*  If supported by substantial evidence, then the Secretary's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  *See also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

"Substantial evidence is such relevant evidence as a reasonable mind might accept  to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  "It is more than a mere scintilla and less than a preponderance." *Id.*  It must do more than create a suspicion of the existence of the fact to be established, and no "substantial evidence" will be found only when there is a "conspicuous absence of credible choices" or "no contrary medical evidence."  *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted  . . . for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A).  Section 423(d)(3) of the Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Secretary applies a five-step sequential evaluation process.  The rules governing the steps of this evaluation process are:  (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if a claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

The burden of proof is on the claimant for the first four steps, but shifts to the Secretary at step five. *See Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

**V.    Analysis**

**A.    Review of Additional Evidence Not in the Record**

Breaux contends that three medical reports were not submitted into the record during the administrative proceeding.  Breaux contends that one of the reports  was not available at the time of the hearing because it is dated February 7, 2005,  but should be considered because it may have an impact on the limitation determination.  Breaux does not explain why the other medical reports were not submitted.

4

The Commissioner contends that Breaux's "new" evidence is not material and there is no good cause for failure to incorporate it into the record. The Commissioner further contends that the case relied upon by Breaux is inapposite and therefore not relevant to the determination of the issue.

As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. *See Bomes v. Schweiker,* 544 F.Supp. 72, 75-76 (D.Mass.1982). Second, the evidence must be "material," that is, it must be relevant and probative. *See Chaney v. Schweiker,* 659 F.2d 676, 679 (5th Cir.1981). Beyond that, the materiality standard requires that there must be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. *Id.; see also Bomes,* 544 F.Supp. at 76.

An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *See Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir.1982). Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Brown v. Schweiker,* 557 F.Supp.190 at 192 (M.D.Fla.1983).

The record shows that the February 2005 report indicates that Breaux's condition may have deteriorated because he was prescribed a wheel chair. However, as noted above, the subsequent deterioration of a condition is not sufficient for the Court to order a § 405(g) remand.

Additionally, Breaux requests that the Court remand for consideration at the administrative level a Electromyography Laboratory report regarding nerve damage or radiculopathy in his lower

back and a radiology report from Chabert Medical Center.  The electromyography report is dated September 3, 2003 and the radiology report  is dated March 11, 2003.  The administrative hearing did not take place until April 9, 2004.  Breaux provides no explanation regarding why this information was not submitted as a part of the record prior to the issuance of the decision on June 21, 2004.  Therefore, the September 2, 2003 electromyography report and the March 11, 2003 radiology report do not constitute new evidence because they were available at the time of the administrative hearing and prior to the issuance of the administrative decision.

**B.    Supplementation of Hypothetical to Vocational Expert**

Next, Breaux contends that the ALJ's opinion is not based upon substantial evidence because the ALJ  failed to incorporate his testimony that he had falling episodes associated with his walking difficulties, and reading and spelling difficulties affecting his ability to work.  He therefore suggests that the ALJ's hypothetical does not fairly incorporate all of his limitations.

The Commissioner contends that the evidence supports the ALJ's decision not to question the vocational expert about Breaux's alleged walking episodes or his reading and spelling difficulties because these limitations were not supported by the record.

The Fifth Circuit has held that a hypothetical question posed to the vocational expert by the ALJ must reasonably incorporate "all disabilities of the claimant recognized by the ALJ," and the claimant or his representative must be "afforded the opportunity to correct deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical questions."  *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994).  If this is not the case, "a determination of non-disability based on such a defective question cannot stand."  Furthermore, responses of vocational expert are relevant only to the extent offered in response to

6

hypotheticals corresponding to medical evidence of record.  *See e.g., Arocho v. Sec'y of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir.1982).

In this case, there is no medical evidence in the record supporting the fact that Breaux has a physical problem causing him to have falling episodes.  Nor is there any evidence in the record confirming Breaux's reading and spelling difficulties.  The ALJ's hypothetical addressing Breaux's limitations is supported by the medical evidence and therefore the opinion is based upon substantial evidence.

**VI.**     **Recommendation**

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision denying Foster P. Breaux's Supplemental Security Income Benefits be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____ 21st _____ day of July 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**